## Law v. MacGuffie et al.

*Richard B. Sheridan* and *Thomas F. Farrell*, for plaintiff.

*Robert L. Coughlin*, for defendants.

VALENTINE, J., September 16, 1936. — This is a case stated to determine the constitutionality of section 23 of The Permanent Registration Act in Cities of the Third Class of July 1, 1935, P. L. 478, providing that transfers of registrations by electors of third class cities from one district to another shall be effective to the election and primaries occurring 60 days or more after the receipt of removal notices signed by such electors at the office of the registration commission.

Section 13 of the act provides that personal applications from persons claiming the right to registration shall be received up to 30 days next preceding each election and each primary.

It is the contention of counsel for the plaintiff that section 23 is unconstitutional in that it imposes upon electors moving from one district to another the requirement of making application for registration at least 60 days before election, while electors who failed to register and who desire to register in the same districts in which they last registered may, under section 13 of the act, make application for registration within 30 days of the election.

The Constitution confers the right of suffrage on every citizen possessing the qualifications set forth in that instrument. It regulates, in a general way, the method by which the right of suffrage may be exercised, but the legislature has the power to stipulate the details of the place, time and manner for the due and orderly exercise of the franchise.

Section 13 of the act deals with electors who had the right to register in the election districts in which they still reside but who did not do so. Section 23 deals with the registration of electors who have removed from one district to another.

The constitutional requirement of article VIII, sec. 1, that an elector shall have resided in the election district where he shall offer to vote at least two months immediately preceding the election, is subject to the regulatory

power of the legislature to designate the manner in which such elector shall be registered. There is no constitutional mandate that electors removing from one election district to another shall be registered at the same time, or in the same manner, as electors registering in the districts in which they previously registered. The 60-day requirement contained in section 23 of the act may be deemed unwise, but we cannot, for such reason, declare it unconstitutional. The wisdom of such legislation is for the lawmaking body, and is not to be passed upon by the courts.

We, therefore, conclude that section 23 of the act is constitutional.